## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

LEONARD JAMES WILSON                                             PETITIONER
Reg. #08455-029

V.                                No. 4:21-cv-01079-JM-JTR

JOHN P. YATES, Warden
FCI - Forrest City, Arkansas                                    RESPONDENT

## <u>RECOMMENDED DISPOSITION</u>

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge James M. Moody, Jr. You may file written objections

to all or part of this Recommendation. If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of this

Recommendation. By not objecting, you may waive the right to appeal questions of

fact.

### I.  Introduction

Petitioner Leonard James Wilson ("Wilson"), who is currently incarcerated at

the Federal Correctional Institution-Low in Forrest City, Arkansas, filed this *pro se*

28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus challenging a prison

disciplinary conviction he received while housed at the United States Penitentiary

("USP") Marion Satellite Camp in Illinois. *Doc. 1*.

Respondent filed a Response arguing Wilson's claims lack merit and he failed to exhaust available administrative remedies before filing his Petition. *Doc. 6*. Wilson filed a Reply. *Doc. 9*. Thus, the issues are now joined and ready for disposition.

For the following reasons, the Court recommends that Wilson's habeas Petition be DISMISSED, with prejudice, and all pending motions be DENIED as moot.

## II. Background

On February 28, 2002, the United States District Court for the Northern District of Iowa sentenced Wilson to a 360 months' imprisonment. His projected release date with Good Conduct Time is July 1, 2026. *Doc. 6-1*, at 1.

On February 13, 2021, someone with the United States Fish and Wildlife Service ("USFW") notified SIS Technician M. Schneider ("Schneider") that an inmate was walking on USFW property about a quarter mile from USP Marion Satellite Camp. *Doc. 6-1*, at 1. Schneider reported:

> The Operations Lieutenant was notified and the Camp Officer began an emergency count at the Camp. I arrived at the camp at approximately 7:10 a.m. I stood at the North side of the Camp Dormitory building and at approximately 7:21 a.m. I observed a subject wearing a Camp inmate uniform walking south in the wooded area North of the Camp. I observed the subject kneel down for a brief moment and continue walking toward my location. I approached the subject, conducted a pat search for any weapons and or contraband and identified him to be Inmate Wilson, Leonard, Reg. No. 08455-029. Inmate Wilson appeared to be the same inmate in the trail camera photo

2

and was wearing green in color pants and coat and was wearing a gray in color sock cap. Inmate Wilson freely stated he left the property to "go pick up tobacco." The North Corridor Officer arrived and transported Inmate Wilson to the USP Marion Special Housing Unit. I was notified by the Camp Officer informing me that one inmate was missing from the emergency count at the Camp and they identified inmate Wilson as the missing inmate. I began an area search of the area I observed [Wilson] kneeling in the woods. The current temperature outside was 10 degrees and had been snowing heavily for the past several hours. I observed fresh footprints in the snow on the ground where I observed Inmate Wilson walking. In the exact location where I observed Inmate [Wilson] kneeling, I recovered one black in color Android cellular phone. The Phone was laying approximately one foot from his footprints in the snow. The cell phone was not covered in snow and was lying on top of the ice covered ground. The cell phone was powered on and locked.

*Doc. 6-1*, at 9.

At the conclusion of an investigation, Wilson received an incident report charging him with possession of a cellular phone/hazardous tool and being in an unauthorized area without staff authorization. *Doc. 6-1,* at 9-11. Wilson received notice of: (1) the charges and evidence against him; (2) the date of the disciplinary hearing before a hearing officer; (3) his right to a staff representative; and (4) his right to call witnesses and present evidence on his behalf at the hearing. *Doc. 6-1*, at p. 11, 72, 74.

At the discipline hearing, the hearing officer considered the statement provided by Schneider. *Doc. 6-1*, at p. 75. The hearing officer also took Wilson's statement:

It wasn't mine. Yes I was out there. That was a common area. I went out there to get a can of chew. I was off property.

*Doc. 6-1*, at p. 74.

The hearing officer was "not convinced" by Wilson's statement or the denial of charges against him. Instead, the hearing officer found Schneider's "statements and observations [ ] more credible and believable than [Wilson's]." *Doc. 6-1*, at p. 75. Based on this evidence, the hearing officer found Wilson committed the charged violations. *Doc. 6-1*, at p. 74. The hearing officer then imposed the loss of 41 days of good conduct time, 15 days disciplinary segregation, and 90 days loss commissary, visiting, and phone privileges. *Doc. 6-1*, at 76

On November 10, 2021, Wilson filed the habeas Petition now before this Court. He alleges he was denied due process because the cell phone was found in a common area, BOP officials did not open or search the contents of the phone to confirm ownership, BOP officials failed to present photos, video, or footprint analysis, and BOP officials did not present any eyewitness account of Wilson actually possessing the phone. *Doc. 1,* at 6-7.

### III.  Discussion

When a prison disciplinary conviction is subject to constitutional review, it must be upheld as long as it was supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the

4

credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-456. Finally, "[r]evocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context." *Id*. at 456 (omitting citations).

Here, Wilson disputes the factual basis for the hearing officer's findings. *Doc. 9*. He claims that even though the incident report mentions photographic evidence, none exists.

The hearing officer found Schneider's report, which contained his "statements and observations," more credible and believable than Wilson's statement. *Doc. 6-1*, at p. 9, 74-75. A prison disciplinary requires only "some evidence" to sustain the conviction, and a habeas court is obligated to uphold the findings of an impartial disciplinary hearing officer, even if the only evidence of the alleged disciplinary violation is found in the charging officer's report, which is disputed by the inmate. See *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008).

Wilson's denial of the facts alleged by Schneider in his report is not a sufficient basis to set aside the disciplinary convictions under the "some evidence" standard.

## IV.  Conclusion

Wilson has failed to demonstrate that he was deprived of a liberty interest protected by the Due Process Clause as his prison disciplinary conviction was supported by "some evidence" in the record.

IT IS THEREFORE RECOMMENDED THAT:

1.     All claims asserted in Petitioner Wilson's 28 U.S.C. § 2241 Petition, *Doc. 1*, be DENIED, and this case be DISMISSED, with prejudice.

Dated this 27th day of December, 2022.


_____
UNITED STATES MAGISTRATE JUDGE